EDWIN L. SHED *vs.* DANIEL W. TILESTON & another.

In a notice to the judgment creditor of the intention of a debtor, committed on execution, to take the poor debtors' oath, a description of the execution as issued from the court of common pleas holden at Lowell in the county of Middlesex, when in fact it was issued from that court holden at Boston in the county of Suffolk, is such a variance as avoids the discharge of the debtor, and makes liable the sureties upon his bond for the prison limits, if he goes beyond those limits.

ACTION OF CONTRACT on a bond for the liberty of the prison limits. Answer, a discharge upon taking the poor debtors' oath.

At the trial in the superior court of Suffolk at November term 1855, it appeared that the citation to the plaintiff stated accurately the names of the plaintiff, of the debtor, and of the jailer who made the application in his behalf, the time and place of hearing, and the amount of the debt and costs on which the debtor was committed, except $2.35 costs of commitment, which were omitted in the citation; and described the execution upon which he was committed as "issued from the court of common pleas holden at Lowell within and for the county of Middlesex," when it was in fact issued from that court holden at Boston within and for the county of Suffolk. It was also in evidence that the plaintiff did not appear at the time and places named in the citation, and that the debtor took the oath and received his discharge; and afterwards, within ninety days from his commitment, went without the jail limits; and did not surrender himself according to the bond. *Huntington, J.* ruled that the citation was insufficient, and the discharge

invalid. A verdict was taken for the plaintiff, and the defend-ant alleged exceptions.

*J. C. Park,* for the defendant, cited *Bussey* v. *Briggs,* 2 Met. 134; *Collins* v. *Douglass,* 1 Gray, 167; *Conkey* v. *Kingman,* 24 Pick. 119.

*B. Dean,* for the plaintiff, cited *Putnam* v. *Longley,* 11 Pick. 487; *Slasson* v. *Brown,* 20 Pick. 436; *Collins* v. *Douglass,* 1 Gray, 170; *Young* v. *Capen,* 7 Met. 287; *Niles* v. *Hancock,* 3 Met. 568.

DEWEY, J. The discharge of poor debtors committed on execution for debt has been uniformly held by this court to be open to all legal objections to the regularity of the preliminary proceedings. Hence a defective notice has always been held fatal to the validity of the discharge. There may have been some relaxation in the application of the rule, but the principle has always been adhered to. Though no precise form of notice is required, yet it must substantially state the case in reference to which the party is summoned to show cause why the poor debtors' oath should not be administered. In the case before us, there was a substantial misrecital of the demand upon which the debtor was committed, and from which he contends he was discharged by virtue of the proceedings before the mag-istrate. The notice to the plaintiff was, that the debtor having been committed " on an execution issued from the court of common pleas at Lowell within and for the county of Middle-sex," was desirous to take the oath prescribed by law for the relief of poor debtors; whereas the plaintiff's execution, upon which the debtor was committed, issued from the court of com-mon pleas holden at Boston within and for the county of Suf-folk. This was a misdescription, and substantially variant from the real execution upon which he was committed; and the notice was therefore insufficient to authorize the administration of the poor debtors' oath, and the discharge of the debtor. The de-fence relied upon cannot avail the parties to the prison bond, and judgment must therefore be entered upon the verdict for the plaintiff. *Exceptions overruled.*